UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JOSHUA ROHRER, *Plaintiff*, v. CITY OF GASTONIA, *et al.*, *Defendants*. | Case No. 3:23-cv-00396-RJC-SCR |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Pursuant to LCvR 7.1(j), Plaintiff respectfully calls this Court's attention to *Ray v. Roane*, 93 F.4th 651 (4th Cir. 2024) ("*Ray II*"), and *Plowright v. Miami Dade County*, 102 F.4th 1358 (11th Cir. 2024).

In *Ray v. Roane*, 948 F.3d 222 (4th Cir. 2020) ("*Ray I*"), the Fourth Circuit reversed the dismissal of the plaintiff's Fourth Amendment claim. It concluded that the district court erred by failing to fully credit the factual allegations in the complaint, which supported an inference that the defendant officer did not reasonably perceive the plaintiff's dog to be a threat to his safety before shooting the dog, in violation of clearly established law. *Id.* at 227-30. Plaintiff here relied upon *Ray I* to support his Fourth Amendment claim relating to the seizure of his service animal, Sunshine, *see* Compl., ECF No. 1, ¶¶ 192-98, and to oppose the pending motion to dismiss with respect to that claim, *see* Pl.'s Mem. in Opp'n to Defs.' Partial Mot. to Dismiss, ECF No. 19, at pp. 16-18.

*Ray II* reiterates the legal analysis underpinning the court's decision in *Ray I*. *See Ray II*, 93 F.4th at 653-58. Because the evidence adduced at summary judgment would have allowed a reasonable jury to draw the same inferences as those supported by the allegations in the

complaint, the district court again erred in relying solely on the officer's own account of what he perceived at the time of the shooting. *Id.* at 656-57; *see also id.* at 658 (denying qualified immunity as a matter of law for similar reasons).

In *Plowright*, the Eleventh Circuit "join[ed] with almost every other circuit in holding," as a matter of first impression, "that the use of deadly force against a domestic animal constitutes a seizure of its owner's property subject to the Fourth Amendment's reasonableness requirement." 102 F.4th at 1361, 1364. The panel recognized a consensus among the courts of appeals "in holding that an officer may not use deadly force against a domestic animal unless that officer reasonably believes that the animal poses an imminent threat to himself or others." *Id.* at 1365-66. Because, under the facts alleged in the complaint, "no reasonable officer" could have believed that a dog "posed an imminent danger," the officer's actions were unreasonable. *Id.* at 1361. In particular, the panel noted that "the fact that [the] dog [wa]s barking and unrestrained [wa]s hardly enough *by itself* to convince a reasonable officer that he [wa]s in imminent danger." *Id.* at 1366. The panel further denied qualified immunity, "even without caselaw directly on point," because the facts alleged took the officer's actions "well beyond the hazy border that sometimes separates lawful conduct from unlawful conduct." *Id.* at 1367 (internal quotation marks omitted) (quoting *Evans v. Stephens*, 407 F.3d 1272, 1283 (11th Cir. 2005) (en banc)).

2

Case 3:23-cv-00396-RJC-SCR    Document 22    Filed 07/11/24    Page 2 of 4

Dated: July 11, 2024                    Respectfully submitted,

                                        */s/ Elizabeth R. Cruikshank*

David G. Guidry (No. 38675)             Elizabeth R. Cruikshank*
GUIDRY LAW FIRM                         Joseph W. Mead*
338 S. Sharon Amity Rd., #337           Shelby Calambokidis*
Charlotte, NC 28211                     Seth Wayne*
(917) 376-6098                          INSTITUTE FOR CONSTITUTIONAL ADVOCACY &
david@guidrylawfirm.com                     PROTECTION
                                        GEORGETOWN UNIVERSITY LAW CENTER
                                        600 New Jersey Avenue NW
                                        Washington, DC 20001
                                        (202) 661-6728
                                        erc56@georgetown.edu
                                        jm3468@georgetown.edu
                                        *Admitted *pro hac vice*

                                        *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

    I hereby certify that on July 11, 2024, I electronically filed the foregoing notice with the U.S. District Court for the Western District of North Carolina by using the Court's CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the Court's CM/ECF system.

                                                  */s/ Elizabeth R. Cruikshank*
                                                  Elizabeth R. Cruikshank