UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:23-CV-00396-SCR

Joshua G. Rohrer,

    *Plaintiff*,

  v.

City of Gastonia, Cierra Brooks, Maurice Taylor, III, Rick Goodale, J. Doe,

    *Defendants*.

## PROTECTIVE ORDER

The parties recognize that discovery in this matter may call for the production of certain records and information that reveal confidential or personally sensitive information. This includes, but is not limited to, documents and information related to i) employee personnel matters; ii) records of criminal investigations; and iii) law enforcement agency recordings which may be disclosed under court order, pursuant to N.C. Gen. Stat. §§ 160A-168, 132-1.4 and 132-1.4A, respectively. It also includes nonpublic personal information, including medical information and information regarding psychiatric treatment. Plaintiff also seeks documents related to the named Defendant City's law enforcement officers' law enforcement employment information, and these documents may be disclosed only under court order, pursuant to N.C. Gen. Stat. § 160A-168. Additionally, the disclosure of certain photographs, audio and/or video recordings may be controlled by court order pursuant to N.C. Gen. Stat. §132-1.8. The parties stipulate and agree to cooperate in protecting such information produced in connection with discovery in this litigation

and request that the Court enter a Protective Order to govern information and documents produced in connection with the discovery. The Court finds good cause exists, *see* Fed. R. Civ. P. 26(c), and hereby ORDERS as follows:

I. DESIGNATION OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL MATERIAL

    A. The terms and conditions of this Stipulated Protective Order shall be applicable to and govern documents and tangible things produced in response to requests for production thereof, answers to interrogatories, responses to requests for admissions, and all other discovery taken pursuant to applicable rules governing discovery, including documents and information produced by a non-party that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" or equivalent designations.

    B. "CONFIDENTIAL" refers to a document or information that contains nonpublic personal information, including: 1) nonpublic statements made by a person who is neither a party nor a government official, 2) home addresses, birthdates, social security numbers, and 3) other nonpublic information with a similar level of sensitivity. Confidential information should be used only for purposes of this litigation, as set forth below in Section.

    C. "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "AEO" refers to a document or information that contains sensitive, personal information, the disclosure of which would create a substantial risk of harm that could not be avoided by less restrictive means. This designation shall be reserved only for documents where there is an articulable need to keep the information highly confidential. Information that falls into this category includes medical records, information relating to psychiatric treatment, and identifying information that is not already public about donors and supporters of Joshua Rohrer, as well as Defendant City's law enforcement officers' law enforcement employment

information. Without permission of the producing party, access to highly confidential information must be limited to only the individuals specified in Section III, below.

D. A document is considered designated under this protective order and subject to this protective order's provisions if the document or information was designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or with substantively similar designation, and that designation has not been withdrawn by the designating party, removed by agreement of the parties, or otherwise ordered by the court.

E. One who produces documents or information may designate them as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" when that person in good faith believes the relevant documents, information, and/or pages qualify for such the standard set forth above. A document may be marked with an equivalent designation so long as it is clear what level of confidentiality the marking party is asserting. A document designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" will also be deemed to be marked as "CONFIDENTIAL" without need for additional markings. Audio and/or video recordings produced pursuant to this protective order will be deemed to be marked as "CONFIDENTIAL" without need for additional markings if the producing party timely notifies the other parties that the recordings are confidential.

F. With respect to depositions or other pre-trial testimony, a "CONFIDENTIAL" designation shall be made either (i) by a statement on the record, by counsel, at the time of disclosure, indicating specifically those answers that are covered by such designation, or (ii) by notifying counsel for all other parties in writing (including by e-mail) within 30 days after receipt by counsel for the parties or for the deponent or witness of the transcript of

such deposition or other pre-trial testimony. Such written notice shall designate by page and line numbers the testimony that is "CONFIDENTIAL" or 'HIGHLY CONFIDENTIAL." The legend "Contains Confidential Material" shall be affixed to the first page of the original transcript containing confidential or highly confidential material, and to the first page of all copies of such transcript. Only those portions of each transcript designated as confidential or highly confidential shall be deemed confidential or highly confidential, respectively. Unless designated earlier, all transcripts of depositions or other pre-trial testimony shall be deemed to be "CONFIDENTIAL" until the end of the thirtieth day after their receipt by counsel for the deponent or witness.

G. With respect to any answers to interrogatories or requests for admissions, a "CONFIDENTIAL" or 'HIGHLY CONFIDENTIAL" designation shall be made by stating, in the interrogatory or admission response, that it contains such material. Only those interrogatory or admission responses designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in this action shall be deemed as such.

H. If any document, testimony or other information is inadvertently produced without any designation of confidentiality, a party nevertheless may assert appropriate confidentiality of the document, testimony or other information, and the parties shall thereafter treat the document, testimony or other information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material, as directed by the party asserting confidentiality, provided that such assertion shall be made promptly upon discovery of any inadvertent disclosure.

I. During the pendency of this action, when any document, testimony or other information is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," any party

may object to the designation of such material. The parties shall make a good faith effort to resolve any such objection. If the parties cannot resolve the objection, the objecting party must move on reasonable notice to all parties for an order from this Court vacating the designation. While such an application is pending, the document, testimony or other information in question shall be treated as it was marked pursuant to this Stipulated Protective Order.

J. When a document or part of a document is marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," any party may prepare a redacted version that completely obscures any sensitive or highly sensitive information or material, to the extent that the redacted version would no longer qualify as "CONFIDENTIAL" pursuant to this stipulated protective order. The redacting party does not waive or forfeit any rights to challenge the designation of the document. The redacting party must share the redacted version with the party that designated the document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," and if the designating party does not object within 14 days, the redacted version of the document be deemed not restricted under the terms of this protective order. Provided, however, that the original document, including those aspects that were redacted, remain subject to the original designation.

K. Nothing in this Protective Order constitutes an admission by any party that confidential or highly confidential information disclosed in this case is relevant or admissible.

II. USE OF CONFIDENTIAL MATERIALS

A. Information or documents designated as "CONFIDENTIAL" as provided herein shall not be used, disclosed, summarized, described or otherwise communicated or made

available in whole or in part by the parties or counsel for the parties or any persons identified in subparagraph II(C) for any purposes whatsoever other than preparing for and conducting this litigation (including appeals).

B. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as "CONFIDENTIAL" as provided herein to any other person or entity except as provided in subparagraph II(C) below.

C. Disclosures of documents designated as "CONFIDENTIAL" may be made only as provided in this paragraph:

> 1. Disclosure of documents or information designated as "CONFIDENTIAL" may be made only to counsel for the parties, including staff, interns, and law students, to the parties, and to employees, officers, or directors of the parties who are required in good faith to provide assistance in the conduct of the litigation.
>
> 2. Disclosure of documents or information designated as "CONFIDENTIAL" may be made to consultants, investigators, professional vendors, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this lawsuit.
>
> 3. Disclosure of documents or information designated as "CONFIDENTIAL" may be made to deponents and their counsel, in preparation for and during depositions in this action, provided that counsel for the party intending to disclose such "CONFIDENTIAL" material has a good-faith basis for believing that such "CONFIDENTIAL" material is relevant to specific events, transactions, discussions, communications, or data about which the deponent is expected to testify.

4. Disclosure of documents or information designated as "CONFIDENTIAL" may be made to witnesses and their counsel, in preparation for their testimony in this action, provided that counsel for the party intending to disclose such "CONFIDENTIAL" material has a good-faith basis for believing that such "CONFIDENTIAL" material is relevant to specific events, transactions, discussions, communications or data about which the witness is expected to testify.

5. Disclosure of documents or information designated as "CONFIDENTIAL" may be made to the Court and its staff in this action (as set forth below), any mediators or settlement officers mutually agreed upon by the parties engaged in settlement discussions, and court reporters employed in connection with this action.

III. USE OF HIGHLY CONFIDENTIAL MATERIALS

A. Information or documents designated as "HIGHLY CONFIDENTIAL" as provided herein shall be subject to all of the restrictions applicable to documents marked as "CONFIDENTIAL," as set forth in Section II.

B. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a party disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

1. Counsel of Record in this action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this action;

2. Experts to whom disclosure is reasonably necessary for this action and who have signed the "Acknowledgment and Agreement to Be Bound," attached as Exhibit A;

3. The Court and its staff in this action (as set forth below), any mediators or settlement officers mutually agreed upon by the parties engaged in settlement discussions, and court reporters employed in connection with this action;

4. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

IV. FILING CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION WITH THE COURT

A. A party may file information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" with the Court only when necessary to do as part of this litigation. A party shall take steps to segregate, redact, or otherwise only submit those parts of the designated document that are most relevant to the purpose for which the party seeks to file the information with the Court.

B. Any party filing information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" must either (i) include with that filing a motion to seal the designated material pursuant to LCvR 6.1 and other applicable law, or (ii) serve a written objection to the designation of the information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" upon the designating party at least 21 days prior to publicly filing or disclosing the information so designated to allow the designating party to make a timely application for a protective order. If such an objection is made, the designating party may file a motion to seal within 21 days of the objection. Pending the determination of any such application, the document, testimony or other information in question shall be treated as marked pursuant to this Stipulated Protective Order.

C. Any motion, memorandum, document or other paper filed with the Court is

presumptively a public document and any decision of the Court regarding whether to allow any filing to be made under seal is subject to Local Civil Rule 6.1 and other applicable law.

V. ADDITIONAL PROVISIONS

A. This Stipulated Protective Order has no effect upon, and shall not apply to any party's use of its own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material for any purpose.

B. Except as provided above, anyone with access to designated documents must take reasonable steps to keep all documents designated under this Stipulated Protective Order secure in accordance with the terms of this Protective Order.

C. All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under the Stipulated Protective Order, or any portion thereof, must be immediately affixed with the words "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL" if that designation does not already appear.

D. The ultimate disposition of protected materials is subject to a final order of the Court on the completion of the litigation.

E. In the event that any person or party ceases to be engaged in the preparation for trial or in the trial of this action, the provisions of this Stipulated Protective Order shall remain in full force and effect as to any such person or party who has obtained access to documents, testimony or other information designated under this protective order, except as may be specifically ordered by the Court or consented to by the designating party.

**SO ORDERED**.

Signed: February 12, 2026

*/s/ Susan C. Rodriguez*
Susan C. Rodriguez
United States District Judge

# Exhibit A

## Acknowledgment and Agreement to Be Bound

I hereby certify my understanding that Confidential or Highly Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order dated _____ in <u>Rohrer v. Gastonia</u>, Case No. 3:23-cv-00396 (W.D.N.C.). I have been given a copy of that Order and read it. I agree to be bound by the Order. I understand that I have been given access to this information solely for purposes of participating in this litigation. I will not reveal any information or document designated as Confidential or Highly Confidential to anyone, except as allowed by the Order. I will maintain all such Information—including copies and notes—in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, or my involvement in the action, I will return or destroy all such information –- including copies and notes—to the counsel who provided me with the information. I hereby consent to the jurisdiction of the United States District Court for the purpose of enforcing the Protective Order.

DATED:

_____